IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| BETH SARVER ASHWORTH, on behalf of herself and others similarly situated, | : CIVIL ACTION FILE NO. |
| *Plaintiff,* | : |
| | : **COMPLAINT – CLASS ACTION** |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| NEW AMERICAN FUNDING, LLC, | : |
| *Defendant.* | : |

Plaintiff Beth Sarver Ashworth (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations

1

that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . Private suits can seek either monetary or injunctive relief. *Id.* . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

2. This case involves a campaign by New American Funding, LLC ("Defendant") to market its services through the use of automated telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

3. Plaintiff also alleges that Defendant violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

4. The recipients of Defendant's illegal calls, which include Plaintiff and the proposed Class, are entitled to damages under the TCPA, and because the

2

technology used by Defendant makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

5. Plaintiff is and at all times relevant to this action was a resident of Osceola County, Florida.

6. Defendant is a limited liability company headquartered in Orange County, California.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the FTSA claim because it arises from the same calls as the TCPA claim.

8. This Court has specific personal jurisdiction over Defendant because the company made telemarketing calls into this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant directed the calls at issue to Plaintiff who received them in this District.

## TCPA BACKGROUND

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy

rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**FTSA BACKGROUND**

15. The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, complements the TCPA by protecting Florida residents from intrusive telemarketing calls that solicit consumer goods or services. The FTSA aims to safeguard privacy and prevent harassment through unsolicited "telephonic sales calls," defined as calls, texts, or voicemails, for selling, extending credit, or gathering information for such purposes. Fla. Stat. § 501.059(1)(j). The FTSA applies to telemarketers that conduct

4

telephonic sales calls from a location in Florida or from other states or nations to consumers located in Florida.

The FTSA also bars telephonic sales calls to numbers on the Florida DNC, maintained by the Department of Agriculture and Consumer Services, without consent. Fla. Stat. § 501.059(4). Additionally, telemarketers must honor requests to stop calls, with violations actionable after continued calls or texts. Fla. Stat. § 501.059(5).

The FTSA expressly applies to a "telephone call, text message, or voicemail." Fla. Stat. § 501.059(1)(j). The FTSA provides liquidated damages of $500 per violation, trebled to $1,500 for willful or knowing violations, injunctive relief, and reasonable attorney's fees. Fla. Stat. § 501.059(10), (11)(a).

## FACTUAL ALLEGATIONS

16. Plaintiff is a "person" as the term is defined by 47 U.S.C. § 153(39).

17. Defendant is a privately owned mortgage lender that provides various types of loans to consumers.

18. Plaintiff's telephone number, (321) 587-XXXX, has been registered with the National Do Not Call Registry since February 1, 2024.

19. Plaintiff personally registered her number on the National Do Not Call Registry.

20. Plaintiff uses her cell phone for personal use only. It is not used as a business number.

21. It is Plaintiff's residential telephone number.

22. It is Plaintiff's only telephone number.

23. Plaintiff does not have a landline telephone number in her home or any other telephone number at the time she was called.

24. Plaintiff uses her cellular phone number for personal use only as one would use a landline telephone number in a home.

25. Plaintiff uses her cellular phone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

26. Plaintiff personally pays for her cell phone plan; it is not reimbursed by a business.

27. Plaintiff received three voicemails from Defendant.

28. The voicemails were received on April 6, April 8 and April 15, 2024.

29. All voicemails came from (877) 478-8003.

30. All voicemails were from an individual named "Chad Church" from New American Funding.

31. In all of the voicemails, Mr. Church indicated that he was calling regarding helping Plaintiff with a home loan and requested Plaintiff call him back at

888-205-6059.

32. Defendant called Plaintiff's number thirty-one or more days after the phone number was registered with the DNC Registry.

33. The purpose of the calls and voicemails were to advertise and market Defendant's business or services.

34. Plaintiff has never had any business relationship with Defendant.

35. Plaintiff did not request information or promotional materials from Defendant.

36. Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages to telephone number (321) 587-XXXX.

37. Plaintiff suffered actual harm as a result of the subject calls and voicemails in that she suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

38. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (321) 587-XXXX was registered with the DNC Registry.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

40. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from Defendant, (3) within a 12-month period, (4) advertising the Defendant's services (5) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **FTSA DNC Class**: All persons in the State of Florida who, during the period beginning on July 1, 2021, and the date of class certification, (1) received a telephone call or text message (2) from Defendant or on its behalf (3) regarding Defendant's property, goods, and/or services (4) to a Florida telephone on the National Do Not Call Registry, (5) when that number appeared in the then-current quarterly listing published by the department.

41. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

42. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

43. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, the use of their data plans, and the intrusion on their telephone that occupied it from receiving legitimate communications.

44. This Class Action Complaint seeks injunctive relief and money damages.

45. The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

46. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes the Class members number, at minimum, in the hundreds in each class.

47. The joinder of all members of the Classes is impracticable due to the size and relatively modest value of each individual claim.

48. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

49. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

> (a) whether Defendant made telemarketing calls without first obtaining prior express written consent;

    (b) whether Defendant systematically made telemarketing calls to telephone numbers registered with the National Do Not Call Registry;

    (c) whether Defendant's conduct constitutes a violation of the TCPA;

    (d) whether Defendant's conduct constitutes a violation of the FTSA; and

    (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

50. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

51. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

52. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

53. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## COUNT I

**Telephone Consumer Protection Act
Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

54. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

56. Defendant's violations were negligent, willful, or knowing.

57. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

58. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from

making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## COUNT II

**Florida Telephone Solicitation Act**
**Violation of the FTSA, Fla. Stat. § 501.059(4)**
**(On Behalf of Plaintiff and the FTSA DNC Class)**

59. Plaintiff the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

60. It is a violation of the FTSA for a "telephone solicitor" to "make or cause to be made any unsolicited telephonic sales call to any residential…telephone number if the number for that telephone appears in the then-current quarterly listing [of the Florida DNC] published by the" the Department of Agriculture and Consumer Services. Fla. Stat. § 501.059(4).

61. Defendant at all times relevant was a "telephone solicitor" as defined by Section 501.059(1)(i) because Defendant is an "organization, partnership, association, or corporation, or a subsidiary or affiliate thereof, doing business in this state, who makes or causes to be made a telephonic sales call[.]"

62. At all relevant times, the telephone numbers of Plaintiff and the Class were or should have been registered on the Florida DNC Registry.

12

63. Defendant's calls to Plaintiff and the Class constitute "telephonic sales calls" under the FTSA because they were initiated "for the purpose of soliciting a sale of any consumer goods or services." Fla. Stat. § 501.059(1)(j).

64. Defendant's calls to Plaintiff and the Class constitute "unsolicited telephonic sales calls" under the FTSA because they were not made (i) in response to an express request of the person called; or (ii) to a person with whom the telephone solicitor has a prior or existing business relationship. Fla. Stat. § 501.059(1)(k).

65. Defendant does business in this state.

66. Thus, Defendant violated Section 501.059(4) of the FTSA.

67. Plaintiff and the Class members were harmed and aggrieved by Defendant's violations of the FTSA.

68. Plaintiff and the members of the Class are entitled to injunctive relief to stop Defendant's ongoing and future violations of the FTSA. *See* Fla. Stat. § 501.059(10)(a)(1).

69. Plaintiff and the Class are entitled to an award of liquidated damages of $500.00 for each unsolicited telephonic sales call that Defendant placed in violation of the FTSA. See Fla. Stat. § 501.059(10)(a)(2).

70. Because Defendant knew or should have known that it was placing telephonic sales calls to telephone numbers registered on the Florida DNC without

prior express written consent, Defendant's violations of the FTSA were willful or knowing.

71. Plaintiff and the Class are entitled to an award of liquidated damages of $500.00 for each unsolicited telephonic sales call that Defendant placed in violation of the FTSA. *See* Fla. Stat. § 501.059(10)(a)(2).

72. Thus, Plaintiff and the Class are entitled to an award of liquidated damages of $1,500 for each unsolicited telephonic sales call that Defendant placed in knowing or willful violation of the FTSA. Fla. Stat. § 501.059(10)(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

   A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

   B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages for each violation of the TCPA and the FTSA;

   C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper

representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

    D.    Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: June 10, 2025.   Respectfully submitted,

PLAINTIFF, on behalf of herself and others similarly situated,

*/s/ Avi. R. Kaufman*

Avi R. Kaufman (FL Bar no. 84382) (Lead Counsel)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Counsel for Plaintiff and the proposed Classes*